UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
GEORGE T. GREER, : CASE NO. 5:18-CV-01389
:
      Petitioner, :
:
vs. : ORDER OF TRANSFER
: [Resolving Doc. No. 1]
WARDEN DAVE MARQUIS, :
:
      Respondent. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Petitioner George T. Greer filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Greer is currently incarcerated in the Richland Correctional Institution, having been convicted in 2012 of possession of marijuana, failure to control, operating a motor vehicle under the influence of alcohol ("OVI"), driving under suspension and OVI with a blood alcohol content of .17 or more. He claims he is entitled to habeas relief because: (1) his trial counsel was ineffective for failing to file a motion to suppress the results of his blood test; (2) the decision of the Ohio Court Appeals was contrary to the United States Supreme Court's decision in *Missouri v. McNeely*, 569 U.S. 141, 133 S. Ct. 1552 (2013); (3) his appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness for not objecting to the introduction of blood test results under *Crawford v. Washington*, 541 U.S. 36 (2004); (4) his appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness for not moving to sever the marijuana charges from the rest of his trial and for failing to request a cautionary jury instruction; and (5) his appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness in allowing the state to introduce blood test results that had been

withheld by the prosecution. For the reasons set forth below, the Court finds the Petition is successive and transfers it to the United States Sixth Circuit Court of Appeals for authorization to proceed.

## I. Background

In 2012, an Ohio grand jury indicted Greer on various criminal charges related to a drunk-driving episode.[1] Greer pled guilty to two of the counts, possession of marijuana and failure to control his vehicle.[2] After a trial on the rest of the counts, a jury convicted him of operating a vehicle under the influence of alcohol (OVI), driving under suspension, and OVI with a blood alcohol content of .17 or more.[3] The two OVI counts contained a mandatory prison specification, because Greer had been convicted of or pled guilty to five or more OVI offenses within the past twenty years.[4] The trial court sentenced him to a total term of ten years imprisonment. The trial court later resentenced Greer to a total term of eight years imprisonment based on a subsequent development in state law. *State v. Greer*, No. 27998, 2016 WL 7496514, at *1 (Ohio Ct. App. Dec. 21, 2016). On direct appeal, the Ohio Court of Appeals affirmed Greer's convictions. *Id.* at *1.

In 2014, Greer filed a § 2254 Petition, raising the following grounds for relief: (1) his trial counsel was ineffective for failing to file a motion to suppress the results of his blood test; (2) the decision of the Ohio Court Appeals was contrary to the United States Supreme Court's decision in *Missouri v. McNeely*, 569 U.S. 141, 133 S. Ct. 1552 (2013); (3) his appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness for not objecting to the introduction of blood test results under *Crawford v. Washington*, 541 U.S. 36 (2004); (4) his

---

[1]     *See State v. Greer*, No. 26470, 2013 WL 5436971, at *1 (Ohio Ct. App. Sept. 30, 2013).
[2]     *Id.*
[3]     *Id.*
[4]     *Id.*

appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness for not moving to sever the marijuana charges from the rest of his trial and for failing to request a cautionary jury instruction; and (5) his appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness in allowing the state to introduce blood test results that had been withheld by the prosecution. The Court dismissed Greer's Petition with prejudice and declined to issue a certificate of appealability. He appealed that decision to the United States Sixth Circuit Court of Appeals. They also declined to issue a certificate of appealability.[5]

Greer has now submitted a second Petition for a Writ of Habeas Corpus. He asserts the same claims he asserted in his first Petition.

## II. Law and Analysis

Before a second or successive Petition for a Writ of Habeas Corpus can be filed in the District Court, the Petitioner must move in the appropriate Circuit Court of Appeals for an Order authorizing the District Court to consider the Application.[6] The District Court does not have jurisdiction to entertain a successive Petition for a Writ of Habeas Corpus in the absence of an Order from the Court of Appeals authorizing the filing.[7] When a second or successive Petition is filed in this Court without § 2244(b)(3) authorization, this Court must transfer the Petition to the Sixth Circuit Court of Appeals.[8] That being the case, this Court is without jurisdiction to entertain this Petition if it is successive, unless authorized to do so by the Court of Appeals for the Sixth Circuit.

---

[5] *Greer v. Bradshaw*, No. 16-3846, 2017 WL 3165077, at *1–2 (6th Cir. Mar. 27, 2017)
[6] 28 U.S.C. § 2244(b)(3)(A).
[7] *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).
[8] *Id*.

To be "successive" within the meaning of the statute, the subsequent Petition must relate to the same conviction or sentence under attack in the prior Petition.[9] Not all subsequent Petitions relating to the same conviction or sentence, however, are considered successive.[10] Otherwise, "a dismissal of a first Habeas Petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review."[11]

A later Petition is not successive where the first Petition was dismissed as premature,[12] was dismissed without prejudice for failure to exhaust state court remedies;[13] or was dismissed because Petitioner failed to either pay the filing fee or provide proper support for his application for pauper status.[14] In all of those contexts, the District Court had jurisdiction to consider the subsequent Petitions without first obtaining authorization from the Court of Appeals, because the prior dispositions were not "on the merits."[15]

Conversely, when a prior Petition is dismissed "on the merits," the prisoner must obtain authorization from the Court of Appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application.[16] These include second Petitions filed after the Petitioner's first Petition was dismissed on grounds of procedural default, or on the grounds that it was barred by the statute of limitations.[17] .

This Petition is successive. Greer asserts the same claims he asserted in his 2014 Petition. The 2014 was decided on the merits and denied. Both this Court and the Sixth Circuit

---

[9] *See In re Page*, 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein)
[10] *See Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998).
[11] *Id.* at 645.
[12] *Id.*
[13] *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000)
[14] *See Stewart*, 523 U.S. at 645 (citing *Marsh v. United States Dist. Court for the N. Dist. of California*, No. C-94-0581-VRW, 1995 WL 23942 (N.D. Cal. Jan. 9, 1995))
[15] *See Slack*, 529 U.S. at 485-86.
[16] *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000).
[17] *See Id., Staffney v. Booker*, No. 2:09cv14553, 2009 WL 4506425, at *1 (E.D. Mich. Nov. 25, 2009).

Court of Appeals denied a certificate of appealability in that case. Greer must obtain approval from the Sixth Circuit before proceeding with a successive Petition.

### VI.  Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is transferred to the United States Sixth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated: October 5, 2018         *s/    James S. Gwin*
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE